1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

AHMAD HEKMAT,                                     NO.  C14-1177-RAJ-JPD

9
                           Plaintiff,

10
       v.                                         REPORT AND
                                                  RECOMMENDATION
11
CAROLYN W. COLVIN, Acting
Commission of Social Security,

12
                           Defendant.

13

14          I.       INTRODUCTION AND SUMMARY CONCLUSION

15          This matter comes before the Court on the defendant's motion to dismiss plaintiff's

16   complaint for judicial review of the denial of his applications for disability insurance benefits

17   and supplemental security income payments pursuant to Fed. R. Civ. P. 12(b)(1) for lack of

18   subject matter jurisdiction.  Dkt. 8.  Defendant argues that plaintiff has failed to exhaust his

19   administrative remedies.  *Id*.  Plaintiff responds that he was denied a meaningful opportunity to

20   be heard in violation of his constitutional right to due process, because he was arbitrarily

21   excluded from his administrative hearing below.  Dkt. 9.  After reviewing defendant's motion,

22   plaintiff's response, the governing law, and the balance of the record, the Court recommends

23   that defendant's motion to dismiss, Dkt. 8, be DENIED, and that this case be REMANDED for

24   an administrative hearing.

REPORT AND RECOMMENDATION - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

II.     DISCUSSION

A.     Standard of Review

A challenge to the Court's subject matter jurisdiction is properly brought under Fed. R. Civ. P. 12(b)(1).  *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989); *see also Corrie v. Caterpillar, Inc.,* 503 F.3d 974, 980 (9th Cir. 2007) (motion to dismiss attacking substance of complaint's jurisdictional allegations treated as if brought under Fed. R. Civ. P. 12(b)(1)). Unlike motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), "a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair,* 880 F.2d at 201; *see also Corrie,* 503 F.3d at 980.  The party opposing the motion then must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."  *St. Clair,* 880 F.2d at 201.  As such, it is not an abuse of the Court's discretion to consider such "extra-pleading material," even when "necessary to resolve factual disputes." *Id.*  Lastly, as is true for motions brought pursuant to Fed. R. Civ. p. 12(b)(6), "all disputed facts" are to be "resolved in favor of the non-moving party."  *Costco v. United States,* 248 F.3d 863, 865–66 (9th Cir. 2001); *Murphy v. Schneider National, Inc.,* 362 F.3d 1133, 1139 (9th Cir. 2004); *McNatt v. Apfel,* 201 F.3d 1084, 1087 (9th Cir. 2000) (court favorably views facts alleged to support jurisdiction).

B.     Plaintiff Has Failed to Exhaust his Administrative Remedies

1.     *The Exhaustion Requirement*

Judicial review of a claim for Social Security disability benefits is limited to review of a "final decision of the Commissioner of Social Security made after a hearing[.]"  42 U.S.C. § 405(g).  Section 405(g) reads in relevant part:

REPORT AND RECOMMENDATION - 2

1
2
3

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

4   Thus, this provision clearly limits judicial review to a "final decision" of the

5   Commissioner "made after a hearing." *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct.

6   980, 51 L.Ed.2d 192 (1977).

7           The meaning of the term "final decision" in Section 405(g), however, is left to the

8   Commissioner "to flesh out by regulation." *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct.

9   2457, 45 L.Ed.2d 522 (1975); *see also Mathews v. Eldridge,* 424 U.S. 319, 330, 96 S.Ct. 893,

10  47 L.Ed.2d 18 (1976) ("[U]nder s 405(g) the power to determine when finality has occurred

11  ordinarily rests with the Secretary."). Under the regulations, a claimant obtains the

12  Commissioner's final decision only after completing the four steps of the administrative review

13  process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ;

14  and (4) Appeals Council review. *See* 20 C.F.R. § 416.1400(a). As stated by the Ninth Circuit,

15  "[a] final decision has two elements: (1) presentment of the claim to the Commissioner, and (2)

16  complete exhaustion of administrative remedies." *Kildare v. Saenz,* 325 F.3d 1078, 1082 (9th

17  Cir. 2003) (citing *Johnson,* 2 F.3d at 921).

18              2.    *Plaintiff Was Denied Access to his Administrative Hearing on*
                       *July 12, 2013 and August 14, 2013*

19

20          Here, it is undisputed that plaintiff was denied entrance to his administrative hearing on

21  two separate occasions based upon the type of photo identification he brought with him, and

22  therefore plaintiff was unable to fully exhaust his administrative remedies. The parties

23  disagree, however, regarding whether under the circumstances of this case, being excluded

24

REPORT AND RECOMMENDATION - 3

from his administrative hearing violated plaintiff's due process right to a meaningful opportunity to be heard.

The Commissioner has submitted a declaration from Robert Weigel, Chief of Court Case Preparation and Review from the Office of Disability Adjudication and Review ("ODAR"), the department of the Social Security Administration which administers the nationwide hearings and appeals program.  Dkt. 8, Att. 1 (Weigel Decl.) at ¶ 1.  Mr. Weigel asserts that plaintiff requested a hearing by an administrative law judge related to his January 3, 2012 applications for disability insurance benefits and supplemental social security income benefits, and a notice of hearing was timely mailed to the plaintiff.  *Id*. at ¶ 3.  Plaintiff also signed and returned the Acknowledgment of Receipt (Notice of Hearing) form, thereby indicating his intent to appear at the time and place scheduled for the hearing.  *Id*.  *See also* Dkt. 8, Ex. 1 at 52 (copy of signed form).  Plaintiff actually did arrive at the ODAR office for his hearing on July 12, 2013, but was excluded on the grounds that he had improper ID to enter the hearing office.  Dkt. 8, Ex. 1 at 60 (ALJ's Order of Dismissal dated October 22, 2013).

In the ALJ's Order of Dismissal, the ALJ notes that "a supervisor spoke with the claimant and at the undersigned's request, informed the claimant that if he could get adequate ID and waive the 20 day notice that he would be immediately added to another day of hearings. On August 8, 2013, claimant spoke with a member of the management staff at the Tacoma ODAR hearing office where he stated he was willing to waive a 20 day hearing notice, and that he would be representing himself.  Claimant understood that ***he needed valid ID*** to enter into the hearing." *Id*. at 61 (emphasis in original).  In addition, the ALJ states that "the claimant knew full well that the ID he presented at the hearing office on July 12, 2013 was inadequate and resulted in him being barred from entering the hearing." *Id.*  Nevertheless, "the claimant did not appear at the hearing on August 14, 2013. His ID was again inadequate – he appeared

1   with the exact same ID that he knew from his last attempt to enter the hearing on July 12, 2013

2   was inadequate." *Id.*

3         The ALJ entered an Order of Dismissal on October 22, 2013, stating that "since ODAR

4   does not have the authority to direct the highly trained security personnel that provide security

5   on matters of post security, claimant's failure to get ID resulted in his failure to appear a

6   second time.  Moreover, given the failure to appear with valid ID, validation of the identity of

7   the claimant is impossible would (sic) not be consistent with PII protocols."  *Id.*

8         The hearing office mailed a Notice to Show Cause for Failure to Appear to plaintiff on

9   September 5, 2013, but plaintiff did not respond within 10 days of that notice.  Dkt. 8, Ex. 1

10  (Weigel Decl.) at ¶ 3.  Mr. Weigel asserts that "[b]ecause the plaintiff did not follow the proper

11  procedures to actively pursue an appeal in this case, on October 22, 2013, the Administrative

12  Law Judge dismissed the plaintiff's request for hearing."  *Id.*  Plaintiff filed a request for the

13  Appeals Council to review the Administrative Law Judge's dismissal order, but the Appeals

14  Council denied the plaintiff's request for review on June 2, 2014.  *Id.*

15        Because plaintiff was denied access to his administrative hearing, plaintiff has not

16  exhausted his administrative remedies as required by 42 U.S.C. § 405(g).   That, however, is

17  not the end of the matter, as plaintiff alleges that his exclusion from the hearing based upon his

18  form of photo identification raises "a colorable constitutional claim of due process violation

19  that implicates a due process right either to a meaningful opportunity to be heard or to seek

20  reconsideration of an adverse benefits determination."  Dkt. 9 at 1-2 (citing *Dexter v. Colvin*,

21  731 F.3d 977, 980 (9th Cir. 2013)).  As discussed below, the Court agrees with plaintiff.

22        C.   <u>Plaintiff has Presented a Colorable Constitutional Claim</u>

23        Plaintiff maintains the existence of a colorable constitutional claim giving rise to

24  subject matter jurisdiction.  Dkt. 9 at 3.  Specifically, he avers the denial of a meaningful

REPORT AND RECOMMENDATION - 5

opportunity to be heard based upon his exclusion from the hearing on two separate occasions, despite the fact that he brought picture ID with him that he reasonably believed to be valid.  *Id*. According to plaintiff, he "attempted on two occasions to appear at his scheduled hearings, but was denied entry into the hearing office by the Federal Protective Service security guard because [they] did not accept his form of identification."  Dkt. 8 at 2.  Plaintiff asserts that he "presented an I-94 Arrival/Departure Record issued by the Department of Homeland Security. The I-94 had a photograph affixed to it, and an I-551 (Permanent Resident) stamp, known as an 'ADIT stamp' dated June 2015 on it.  The stamp constitutes temporary proof of residence until a permanent I-551 is issued."  *Id*.

Plaintiff asserts that his I-94 with ADIT stamp indicated both that he was a resident and that he was employable, and contained his United States Customs and Immigration Services number.  *Id*.  Plaintiff contends that he reasonably believed that this was valid identification because the list of acceptable documents relied upon by the Federal Protective Service in this case included a valid, unexpired I-551.  In addition, "the Social Security Administration itself will issue a Social Security card on the basis of an I-94 with an ADIT stamp."  *Id*. (citing POMS RM10211.0235).

Even if his I-94 with an ADIT stamp was not a proper form of identification, plaintiff contends that he reasonably believed he would be permitted to attend his hearing based upon the hearing notice's description of acceptable forms of photo ID.  Specifically, the notice provides:

> You must bring valid picture identification (ID) to your hearing.  Examples of acceptable picture ID include a:
>
> - Current and valid U.S. State Driver's license;
>
> - U.S. State-issued identity card;

REPORT AND RECOMMENDATION - 6

1

      •     Current U.S. passport; or

2

      •     U.S. military ID/dependent military ID.

3

**If you do not have any of these forms of ID, please bring another form of picture ID with you**.  Proper ID is also required for your representative (if you have one), a friend, or a member of your family who comes with you to the hearing.  Without proper ID, you may not be able to enter the building where your hearing is being held.  This could stop or delay your hearing.

4

5

6

Dkt. 8, Ex. 1 at 44 (emphasis added).  Thus, the hearing notice suggested that "another form of

7

picture ID" would be accepted.

8

      Finally, plaintiff asserts that "he is prepared to show that at least one other regional

9

hearing office has a procedure for allowing claimants without valid identification to be

10

admitted to their hearings, i.e., at the direction of the [ODAR], the security guards conduct a

11

telephonic background check of the claimant seeking admission to his or her hearing."  *Id*.

12

Thus, plaintiff claims that he was arbitrarily denied access to his hearing because his hearing

13

was scheduled at the Tacoma ODAR, which does not use such a procedure.  *Id*.  Plaintiff asks

14

for "an opportunity to prove his allegations" and submits that his case should not be denied at

15

this stage without a review of the full administrative record.  *Id.*  The Commissioner did not

16

submit a reply brief, or otherwise respond to plaintiff's constitutional claim.

17

      An exception to the administrative exhaustion requirement exists where a plaintiff

18

raises a "colorable" constitutional challenge to the Commissioner's decision.  *Califano v.*

19

*Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Subia v. Comm'r of Soc. Sec.,*

20

264 F.3d 899, 902 (9th Cir. 2001).  The Ninth Circuit has held that "the Sanders exception

21

applies to any colorable claim of due process violation that implicates a due process right

22

either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits

23

determination."  *Udd v. Massanari,* 245 F.3d 1096, 1099 (9th Cir. 2001).  A constitutional

24

claim that is not "wholly insubstantial, immaterial, or frivolous" is colorable.  *Klemm v. Astrue,*

REPORT AND RECOMMENDATION - 7

543 F.3d 1139, 1144 (9th Cir.2008) (internal quotation marks and citation omitted).  The mere assertion of a bare constitutional violation without supporting allegations is not a colorable constitutional claim.  *Id.*  "Rather, the claim must be supported by facts sufficient to state a violation of substantive or procedural due process." *Id.* (internal quotation marks and citation omitted).

Considering the circumstances under which plaintiff appears to have been excluded from his hearing, the Court concludes that plaintiff presents a colorable constitutional claim of a denial of a meaningful opportunity to be heard.  Plaintiff was not represented by counsel at the time of the administrative hearing dates in July or August 2013, or at the time of the ALJ's dismissal of his request for a hearing in October 2013.  Consequently, the ALJ's assertion that "the claimant knew full well that the ID he presented at the hearing office on July 12, 2013 was inadequate and resulted in him being barred from entering the hearing" may not be accurate.  Indeed, the ALJ purports to represent what the claimant *knew* about the validity of his photo ID without, apparently, having ever met with the claimant.  The fact that the plaintiff attempted to attend his administrative hearing on a second occasion in August 2013 with the same form of photo identification is strong evidence that plaintiff's understanding differed from what the ALJ believes it should have been.

As discussed above, the Court views the evidence in the light most favorable to plaintiff, and plaintiff asserts that he believed his photo identification – an unexpired I-94 with a photograph and ADIT stamp – was sufficient to obtain access to his administrative hearing.  This belief does not appear to have been wholly unreasonable, based upon plaintiff's evidence that the Social Security Administration will issue a Social Security card based upon an I-94 with an ADIT stamp, and the hearing notice's statement that some form of "valid picture identification" is all that is required to be admitted to a hearing.  If the hearing notice sent to

plaintiff had provided an exhaustive list of acceptable forms of photo identification, for example, plaintiff's attempt to attend his hearing with a valid I-94 with an ADIT stamp may have been less reasonable.

Finally, the Court notes the ALJ's observation that the plaintiff recently suffered from "a recent exacerbation of a medical condition that may result in disability," and that based upon the objective medical information regarding this impairment, "special attention was provided to ensure he could again appear and get into the hearing." Dkt. 8, Ex. 1 at 61 fn.1. Because "the medical record at present does not support a fully favorable decision," however, the ALJ acknowledged that "a hearing needs to be conducted to assess whether a later onset is appropriate." *Id.*

Considering the above-described facts, it cannot be said that plaintiff's due process claim based upon his exclusion from the administration hearing, despite presenting what he believed to be valid photo identification, is wholly insubstantial, immaterial, or frivolous. On the contrary, plaintiff sets forth a colorable constitutional claim of a denial of a meaningful opportunity to be heard. The Court, therefore, has subject matter jurisdiction over this claim.

### III.    CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff raises a colorable constitutional claim giving rise to subject matter jurisdiction, and recommends that the Commissioner's motion to dismiss, Dkt. 8, be DENIED. In addition, the Court recommends that plaintiff's motion to seal plaintiff's I-94 Arrival/Departure Record, Dkt. 10, be GRANTED.

Finally, in light of the ALJ's acknowledgment that "the claimant suffers from a recent exacerbation of a medical condition that may result in disability" and therefore "a hearing needs to be conducted to assess whether a later onset is appropriate," the Court recommends

1   that this case be REVERSED and REMANDED to the Commissioner for a *de novo*

2   administrative hearing.  Plaintiff is now represented by counsel, who can ensure that plaintiff is

3   granted access to his hearing.  A proposed order accompanies this Report and

4   Recommendation.

5          Objections to this Report and Recommendation, if any, should be filed with the Clerk

6   and served upon all parties to this suit by no later than **November 28, 2014**.  Failure to file

7   objections within the specified time may affect your right to appeal.  Objections should be

8   noted for consideration on the District Judge's motion calendar for the third Friday after they

9   are filed.  Responses to objections may be filed within **fourteen (14)** days after service of

10  objections.  If no timely objections are filed, the matter will be ready for consideration by the

11  District Judge on **December 5, 2014.**

12         This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

13  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

14  assigned District Judge acts on this Report and Recommendation.

15         DATED this 14th day of November, 2014.

16

17  _____

18  JAMES P. DONOHUE
    United States Magistrate Judge

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 10